**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JERROLD G. THOMAS,** | ) CASE NO. 1:19 CV 1447 |
| **Plaintiff,** | ) JUDGE DAN AARON POLSTER |
| vs. | ) **MEMORANDUM OPINION AND ORDER** |
| **TACO BELL CORPORATE OFFICE, et al.,** | ) |
| **Defendants.** | ) |

This matter is before the Court on the Complaint of *pro se* Plaintiff Jerrold Thomas against Defendants Taco Bell Corporate Office and Taco Bell Cantina. (Doc. # 1). Plaintiff alleges that Defendants violated his "civil rights" at the Taco Bell Cantina located at 200 Euclid Avenue where he was a patron. Plaintiff seeks to proceed with this action *in forma pauperis*, and that motion is granted (Doc. # 2).

For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff alleges that around 8:40 a.m. on March 9, 2019, he was a patron at the Taco Bell Cantina located at 200 Euclid Avenue in Cleveland, Ohio. On that day, Plaintiff was involved in a dispute with the general manager, Faith Phelps. Plaintiff alleges that he was complaining about bad service and improperly prepared food, and Phelps falsely claimed that he

said he was going to shoot her. As a result of this dispute, Plaintiff claims he went to jail for aggravated menacing and criminal trespassing. According to Plaintiff he is homeless, and Phelps is "far out of line when handling customers such as myself."

Plaintiff contacted Taco Bell's corporate office to seek a resolution, but his telephone calls were not returned. Plaintiff claims that this incident impacted his employment and housing opportunities, but he has not yet determined the amount of damages he is seeking from Defendants. (Doc. # 1).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Plaintiff's Complaint is entitled to liberal construction, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

# III. ANALYSIS

Plaintiff does not specify the legal basis for his Complaint or the Court's subject matter jurisdiction. He only claims that his "civil rights" have been violated. (Doc. # 1).

## A. Plaintiff fails to state a plausible § 1983 claim

To the extent that Plaintiff is attempting to assert a § 1983 claim, that claim fails. In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 applies only to the State or to persons acting under color of state law. A private party may act under color of state law when the private party's actions "can fairly be seen as state action." *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Even assuming the truth of Plaintiff's claims, there are no allegations in the Complaint that Defendants exercised any powers which are traditionally exclusively reserved to the State. Accordingly, Plaintiff fails to state a § 1983 claim upon which relief may be granted and this action is dismissed pursuant to § 1915(e)(2)(B).

## B. The Court lacks subject matter jurisdiction

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Plaintiff, as the party bringing this action in federal court, bears the burden

of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Jurisdiction pursuant to § 1331 requires the presence of a federal question, that is, where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Plaintiff is proceeding *pro se* and, therefore, enjoys the benefit of a liberal construction of the Complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even with the benefit of liberal construction, Plaintiff has not alleged a federal question and none is apparent on the face of the Complaint.

Federal jurisdiction pursuant to § 1332 requires complete diversity and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must show that he is a citizen of one state and Defendants are citizens of other states. There are no allegations in the Complaint from which this Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even with the benefit of liberal construction, there are no allegations from which this Court may infer that Plaintiff is asserting a claim arising under federal law or based upon diversity jurisdiction. In the absence of a cognizable federal question or a claim over which this Court may exercise diversity jurisdiction, the Court lacks subject matter jurisdiction and the Complaint is dismissed pursuant to Rule 12(h)(3) for this additional reason. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction.").

## IV.  CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

        s/ *Dan Aaron Polster*     12/30/2019
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.